UNITED STATES DISTRICT COURT
DISTRICT COURT OF CONNECTICUT

--------------------------------------------------------------------- X

GLADYS IDROVO, and PILAR BECERRA on : 
behalf of and all others similarly situated, :

:

Plaintiff, :      **Civ. Action No.:**

:

-against- :

:      **April 24, 2019**

ELEGANT NAIL SALON & SPA LLC AND I :
YONG CHUNG, :

:

Defendants. :

--------------------------------------------------------------------- X

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Gladys Idrovo ("Idrovo" or "plaintiffs"), and Pilar Becerra ("Becerra" or "plaintiffs") on behalf of and all others similarly situated, by their attorneys Pechman Law Group PLLC, and Madsen, Prestley & Parenteau LLC, complaining of defendants Elegant Nail Salon & Spa LLC ("Elegant Nail") and I Yong Chung (collectively, "defendants" or "Elegant Nail") alleges:

### I.      NATURE OF THE ACTION

1.      This action is brought to recover unpaid minimum and overtime wages, unlawful deductions & other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Connecticut Minimum Wage Act Conn. Gen. Stat. § 31-58 *et seq.* ("CMWA").

2.      Elegant Nail is a nail salon and spa located at 232 Boston Post Road, Suite 15, Milford, Connecticut 06460.

3.      Plaintiffs are former nail technicians at Elegant Nail.

4.      Plaintiffs were consistently required by Elegant Nail to work in excess of forty hours per week and were paid a set daily rate of pay that failed to satisfy the minimum wage and overtime requirements of the FLSA and CMWA.

5.      Plaintiffs were paid the same amount each day, regardless of the number of hours they actually worked.

6.      As a result, Plaintiffs were denied minimum wages, as well as overtime compensation for the hours they worked in excess of forty per workweek.

7.      Plaintiffs allege, on behalf or themselves and all other similarly situated current and former non-exempt employees of Defendants who elect to opt into this action, that they are entitled to: (i) compensation for unpaid minimum wages; (ii) unpaid overtime pay;  (iii) liquidated damages; (iv) pre- and post-judgment interest; and (v) attorneys' fees and costs pursuant to the FLSA and  the CMWA.

## II.      JURISDICTION

8.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiffs' claims under the CMWA pursuant to 28 U.S.C. § 1367.

## III.      VENUE

9.      Venue is proper in the District of Connecticut under 28 U.S.C. § 1391, as Elegant Nail is located within the State of Connecticut, and is subject to this Court's personal jurisdiction.

## IV.     THE PARTIES

**Plaintiffs**

10.     Plaintiff Idrovo resides in New Haven, CT.

11.     Plaintiff Becerra resides in West Haven, CT.

12.     Defendants employed Plaintiff Idrovo from approximately January 2017 through March 2019.

13.     Defendants employed Plaintiff Becerra from approximately March 2015 through November 2018.

**Defendants**

14.     Elegant Nail Salon & Spa, LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

15.     Elegant Nail has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

16.     Defendant I Yong Chung ("Chung") is an owner and manager of Elegant Nail.

17.     Defendant Chung exercises sufficient control over Elegant Nail's operations to be considered Plaintiffs' employer under the FLSA and CMWA.

18.     At all relevant times, Defendant Chung has had power over personnel decisions at Elegant Nail, including the power to discipline employees, hire and fire employees, set employee wages, set employee schedules, and otherwise control the

terms and conditions of employment at Elegant Nail. For example, Defendant Chung

set Plaintiffs' rate of pay, scheduled their hours, supervised their work, restricted their

lunch breaks and terminated their employment.

V.      COLLECTIVE ACTION ALLEGATIONS

19.     The claims in this Complaint arising out of the FLSA are brought by

Plaintiffs on behalf of themselves and all other similarly situated non-exempt

employees (*i.e.* nail technicians and employees holding other job titles whose work

duties are substantially similar to that of nail technicians) who work or have worked at

Elegant Nail during the statutory period and elect to opt-in to this action (the "FLSA

Collective").

20.     The FLSA Collective consists of approximately six similarly situated

current and former employees of Elegant Nail, who, over the last three years have been

victims of Defendants' common policy and practices that have violated the employees'

rights under the FLSA by, *inter alia*, willfully denying them wages due under the FLSA.

21.     As part of their regular business practices, Defendants have intentionally,

willfully, and repeatedly harmed Plaintiffs and the FLSA Collective by engaging in a

pattern, practice, and/or policy of violating the FLSA.  Defendants apply the same

employment policies, practices, and procedures to all non-exempt employees.  This

policy and pattern or practice includes, *inter alia*, the following:

> a. failing to pay Plaintiffs and the FLSA Collective the minimum wage for all hours worked; and
>
> b. failing to pay Plaintiffs and the FLSA Collective, overtime wages for all hours worked in excess of forty per week.

4

22.     Defendants have engaged in this unlawful conduct pursuant to a policy, plan, or practice of minimizing labor costs and denying employees compensation by knowingly violating the FLSA.

23.     Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damage to Plaintiffs and the FLSA Collective.

24.     The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendants, are readily identifiable by defendants, and are locatable through defendants' records.   These similarly situated employees should be notified of and allowed to opt in to this action, pursuant to 29 U.S.C. § 216(b).

## VI.     FACTUAL ALLEGATIONS

25.     During their employment Plaintiffs worked primarily doing manicures and pedicures at Elegant Nail.

26.     From approximately January 2017 through approximately July 2017, Plaintiff Idrovo was regularly paid a salary of $50 per day.

27.     From approximately August 2017 through approximately February 2018, Plaintiff Idrovo was regularly paid a salary of $60 per day.

28.     From in or around March 2018 through her termination in March 2019, Plaintiff Idrovo was regularly paid a salary of $70 per day.

29.     Throughout her employment, Plaintiff Idrovo regularly worked approximately fifty (50) to sixty (60) hours per week: Mondays, Tuesdays, Wednesdays,

Thursdays, Fridays, and Saturdays from approximately 9:15 a.m. to 7:00 p.m. or 7:30 p.m.

30.     From approximately March 2015 through approximately March 2018, Plaintiff Becerra was regularly paid a salary of $75 per day.

31.     From approximately April 2018 through approximately July 2018, Plaintiff Becerra was regularly paid a salary of $80 per day.

32.     From in or around September 2018 through her termination in November 2018, Plaintiff Becerra was regularly paid a salary of $90 per day.

33.     From March 2015 through March 2018, Plaintiff Becerra regularly worked approximately fifty (50) to sixty (60) hours per week: Mondays, Tuesdays, Wednesdays, Thursdays, Fridays and Saturdays from approximately 9:15 a.m. to 7:00 p.m. or 7:30 p.m.

34.     From April 2018 through July 2018, Plaintiff Becerra's hours were reduced to thirty (30) hours per week due to her pregnancy.

35.     From August 2018 through September 3, 2018, Plaintiff Becerra was out of work due to maternity leave.

36.     From September 3, 2018 through her termination on November 28, 2018, Plaintiff Becerra's hours were thirty (30) hours per week.

37.     On November 28, 2018, Defendants sent Plaintiff Becerra a text message terminating her position with Defendants.

38.     Thoguhout their employment, Plaintiffs were not permitted to take breaks during the workday, and were not allowed to leave the nail salon for any reason during the workday.

39.     Defendants paid Plaintiffs less than the statutorily required minimum wage per hour that they worked each week.

40.     Defendants did not pay Plaintiffs overtime compensation at one and one half (1½) times their regular rate of pay, as required by the FLSA and the CMWA, for any hours they worked in excess of forty per workweek.

## FIRST CLAIM
### Fair Labor Standards Act – Unpaid Minimum Wage

41.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

42.     The FLSA requires that employers pay employees a minimum wage for all hours worked weekly up to forty.

43.     Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed plaintiff and the FLSA Collective.

44.     The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.* and the supporting federal regulations, apply to Defendants.

45.     Defendants failed to pay plaintiff and the FLSA Collective the minimum wages to which they were entitled under the FLSA.

46.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to

comply with the FLSA with respect to the compensation of plaintiff and the FLSA

Collective.

47.     As a result of Defendants' willful violations of the FLSA, Plaintiffs and the

FLSA Collective suffered damages by being denied minimum wages in accordance with

the FLSA in amounts to be determined at trial, and are entitled to recovery of such

amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs

of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### Connecticut Minimum Wage Act – Unpaid Minimum Wage

48.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth

herein.

49.     The CMWA requires that employers pay employees a minimum wage for

all hours worked weekly up to forty.

50.     Defendants failed to pay Plaintiffs the minimum wages to which they

were entitled to under the CMWA.

51.     Defendants have willfully violated the CMWA by knowingly and

intentionally failing to pay Plaintiffs the minimum hourly wage.

52.     Defendants willfully failed to pay Plaintiffs at least the minimum hourly

wage for all hours worked.

53.     As a result of Defendants' violations of the CMWA, Plaintiffs are entitled

to recover their unpaid wages, reasonable attorneys' fees and costs of the action,

liquidated damages and pre-judgment and post-judgment interest.

## THIRD CLAIM
### Fair Labor Standards Act – Unpaid Overtime

54.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

55.     Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs and the FLSA Collective overtime wages for all of the hours they worked in excess of forty in a workweek.

56.     Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiffs' and the FLSA Collective's compensation.

57.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

58.     Due to defendants' violations of the FLSA, Plaintiffs and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## FOURTH CLAIM
### Connecticut Minimum Wage Act – Unpaid Overtime

59.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

60.     Under the CMWA and supporting Connecticut State Department of Labor Regulations, defendants were required to pay Plaintiffs one and one half (1½) times the regular rate of pay for all hours worked in excess of forty.

61.     Defendants have failed to pay Plaintiffs the overtime wages to which they are entitled to under the CMWA.

62.     Defendants have willfully violated the CMWA by knowingly and intentionally failing to pay Plaintiffs overtime wages.

63.     Due to defendants' willful violations of the CMWA, Plaintiffs are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the FLSA Collective, respectfully requests that this Court enter a judgment:

a.     authorizing the issuance of notice at the earliest possible time to all non-exempt employees who are presently working at, or who have worked at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, at Elegant Nail. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

b.     declaring that Defendants have violated the minimum and overtime wage provisions of the FLSA, the Connecticut Labor Law, and supporting Connecticut Department of Labor Regulations;

c.     declaring that Defendants' violations of the FLSA and CMWA were willful;

10

d.      awarding Plaintiffs and the FLSA Collective damages for unpaid minimum wages;

e.      awarding Plaintiffs and the FLSA Collective damages for unpaid overtime wages;

f.      awarding Plaintiffs and the FLSA Collective liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and to the CMWA;

g.      awarding Plaintiffs and the FLSA Collective pre- and post-judgment interest under the FLSA and the CMWA;

h.      awarding Plaintiffs and the FLSA Collective reasonable attorneys' fees and costs pursuant to the FLSA and the CMWA; and

i.      awarding such other and further relief as the Court deems just and proper.

By:      _____/s/William G. Madsen_____
         William G. Madsen (ct 09853)
         Madsen, Prestley & Parenteau, LLC
         402 Asylum Street
         Hartford, CT 06103
         (860) 246-2466
         wmadsen@mppjustice.com

         - and -

By:      _____/s/Catalina Cadavid_____
         Catalina Cadavid (ct 30698)
         Pechman Law Group PLLC
         488 Madison Avenue - 17th Floor
         New York, New York 10022
         (212) 583-9500
         cadavid@pechmanlaw.com
         *Attorneys for Plaintiffs*