UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GLADYS IDROVO, and PILAR BECERRA
on behalf of and all other similarly situated,
    *Plaintiffs*,

    v.

ELEGANT NAIL SALON & SPA LLC and
I YONG CHUNG,
    *Defendants*.

No. 3:19-cv-00615 (JAM)

**ORDER FOR ENTRY OF DEFAULT JUDGMENT**

Plaintiffs are nail technicians, formerly employed by Elegant Nail Salon & Spa, LLC ("Elegant Nail"). Forced to work excessive hours without proper pay, they sued Elegant Nail and their supervisor, I Yong Chung. Defendants have defaulted, and the Court entered a default against them. Plaintiffs now move for the entry of a default judgment. For the reasons that follow, I will grant plaintiffs' motion in full.

### BACKGROUND

The following facts are taken from the plaintiffs' complaint and assumed to be true for purposes of this decision. Elegant Nail is a nail salon and spa in Milford, Connecticut. Doc. #1 at 1 (¶ 2). Plaintiffs Gladys Idrovo and Pilar Becerra once worked as nail technicians at Elegant Nail, *id*. at 1 (¶ 3). They did manicures and pedicures. *Id*. at 5 (¶ 25). Both were paid on a daily basis, without regard to the actual number of hours they worked. *Id*. at 2 (¶ 25). Idrovo started at a salary of $50 per day in January 2017, eventually earning $70 per day at the time of her termination in March 2019. *Id*. at 5-6 (¶¶ 25-28). Becerra's pay was slightly higher, starting at $75 per day in March 2015, rising to $90 per day by the time of her November 2018 termination. *Id*. at 6 (¶¶ 30-33).

1

Both Idrovo and Becerra worked about 50 to 60 hours per week, in the form of shifts that lasted nine hours per day, from 9:15am to 7:00pm or 7:30pm, six days per week (Sundays off). *Id.* at 5-6 (¶¶ 29, 33). Breaks were forbidden, as was leaving the salon for any reason during the workday. *Id.* at 7 (¶ 38).

From April 2018 through July 2018, Becerra's hours were reduced to 30 hours per week due to her pregnancy. *Id.* at 6 (¶¶ 34). After the birth of her child in August 2018, Becerra was permitted one month of maternity leave, returning to reduced 30-hour-per-week shifts before her summary termination, by text message, on November 28, 2018. *Id*. at 6-7 (¶¶ 34-37).

Plaintiffs filed a class action complaint on April 24, 2019. Doc. #1. The complaint states four claims. Claim One alleges that the defendants willfully violated the Fair Labor Standards Act (FLSA) by paying below the federal minimum wage. Claim Two alleges the defendants violated the Connecticut Minimum Wage Act (CMWA) by paying below Connecticut's minimum wage. Claim Three alleges the defendants willfully violated the FLSA's requirement that they pay the plaintiffs overtime for hours worked above forty per week. Claim Four alleges a violation of the CMWA for the same failure to pay overtime.[1] Plaintiffs seek compensatory damages, liquidated damages, and attorneys' fees and costs.

Plaintiffs' suit was properly served on the defendants on May 8, 2019. *See* Docs. #7, #8 (proof of service). After no responsive pleading or appearances were filed by defendants, I granted plaintiffs' motion for a default entry on June 10, 2019. Doc. #11. This motion for a default judgment followed. Doc. #14.

---

[1] I note that although the complaint alleges that "approximately six similarly situated current and former employees of Elegant Nail . . . over the last three years [i.e. 2016-19] have been victims of Defendants' common policy and practices that have violated the employees' rights under the FLSA by inter alia willfully denying them wages due under the FLSA," Doc. #1 at 4 (¶ 20), the plaintiffs do not seek a default judgment in favour of the unnamed similarly situated potential plaintiffs. Accordingly, I will dismiss those parts of the complaint without prejudice to renewal in a subsequent suit.

2

## DISCUSSION

"It is an ancient common law axiom that a defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011). Nevertheless, a district court is still "required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Ibid.* Following such a determination, the district court must also determine the amount of damages to be awarded; to do so, it may conduct a hearing or it may make such a finding on the basis of documentary evidence if damages are ascertainable with reasonable certainty. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).

### *Liability*

Plaintiffs' complaint, taken as true, makes out a facially plausible claim for violation of the FLSA, 29 U.S.C. § 206, and CMWA, Conn. Gen. Stat. Ann. § 31-58 *et seq*. The FLSA requires employers to pay their employees the statutory minimum wage as well as a premium (150 percent of the minimum regular wage) for hours worked above 40 hours per week. *See* 29 U.S.C. §§ 206(a), 207(a)(1). The statute defines an "employee" as "any individual employed by an employer," 29 U.S.C. § 203(e)(1), and defines "employ" as "to suffer or permit to work," 29 U.S.C. § 203(g). *See Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 69 (2d Cir. 2003) (outlining factors for whether a defendant qualified as an employer, including hiring authority, supervisory responsibility, and control over wages and records). The FLSA has a two-year statute of limitations ordinarily, but the statute of limitations extends to three years if the violation of the law was "willful." *See* 29 U.S.C. § 255(a).

Plaintiffs have pleaded sufficient facts to establish a willful minimum wage violation under FLSA. According to plaintiffs' affidavits, the defendants controlled plaintiffs' hours,

supervised their work, and determined their pay. These affidavits, combined with the complaint, suffice to plausibly allege that defendants were their employers under the FLSA. *See Andrade v. Kwon*, 2012 WL 3059616, at *4 (D. Conn. 2012).

An employee bringing an action for illegal under-compensation under the FLSA has the burden of proving that she performed work for which she was not properly compensated. *See Reich v. S. New England Telecommunications Corp.*, 121 F.3d 58, 66 (2d Cir. 1997). Plaintiffs submitted evidence in the form of affidavits declaring that the defendants paid them at an hourly rate lower than the federal minimum wage. *See* Docs. #14-3, #14-5. In the absence of the required employer records, *see* 29 U.S.C. § 211(c), the employee may do this solely through her own recollection and estimates. *See Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 84 (E.D.N.Y. 2012) (collecting cases). Accordingly, plaintiffs' submissions suffice to show that plaintiffs were illegally undercompensated under the FLSA.

Much the same analysis applies to a cognate claim under the CMWA, *see Andrade*, 2012 WL 3059616 at *4, *accord Scott v. Aetna Servs.*, Inc., 210 F.R.D. 261, 263 n. 2 (D. Conn. 2002), although the CMWA has a somewhat different definition of "employer" than the FLSA. The CMWA requires that the employer be "an individual who possesses the ultimate authority and control within a corporate employer to set the hours of employment and pay wages and therefore is the specific or exclusive cause of improperly failing to do so." *Butler v. Hartford Tech., Inst., Inc.*, 243 Conn. 454, 462 (Conn. 1997). Plaintiffs' allegations and affidavits are nonetheless sufficient to satisfy the definition of "employer" under the CMWA. *See Tapia v. Mateo*, 96 F. Supp. 3d 1, 5 (D. Conn. 2015).[2] A CMWA claim otherwise tracks an FLSA claim, *see Andrade*,

---

[2] I note that certain parts of plaintiffs' wage claims appear to fall outside of the FLSA and CMWA's two-year statute of limitations, *see* 29 U.S.C. § 255(a); Conn. Gen. Stat. § 52-596. *See* Docs. #14-7 (Idrovo wage claim summary, listing claims accruing from January to March 2017); #14-8 (Becerra wage claim summary, listing claims accruing from April 2016 to March 2017). Certain wage claims would be actionable under the FLSA if plaintiffs established

2012 WL 3059616 at *4, and so the plaintiff's successful showing of an FLSA claim establishes their CMWA claim as well.

### *Compensatory damages*

Plaintiffs may recover back pay under either the FLSA or the CMWA. 29 U.S.C. § 216(b) (allowing recovery of "payment of wages lost"); Conn. Gen. Stat. § 31–72 (granting recovery of unpaid wages). Connecticut's minimum wage during the time that plaintiffs worked for defendants was higher than the federal minimum wage.[3] Under the FLSA, where both state and federal law apply, and the state minimum wage is higher than the federal minimum wage, the federal wage rate is calculated based on the higher state rate. *See* 29 C.F.R. § 778.5 (stating that the "regular rate at which [a worker] is employed ... cannot be lower than such applicable [state] minimum"). I have therefore calculated back pay based on the Connecticut minimum wage.

As discussed above, "where, as here, no records have been produced as a consequence of a defendant's default, courts have held that the plaintiff's recollection and estimates of hours worked are presumed to be correct." *Gunawan*, 897 F. Supp. 2d at 88-89 (citing cases). Having reviewed the affidavits attached to the motion for default judgment, I conclude that Idrovo is entitled to compensatory damages of $43,711.50 (comprising $18,108 in unpaid regular wages and $25,603.50 in overtime wages), Doc. #14-7, while Becerra is entitled to compensatory

---

defendants "willful[ly] violated" the FLSA, *see* 29 U.S.C. § 255(a), although such an extension is not available under the CMWA, *see* Conn. Gen. Stat. § 52-596. I do not need to determine whether defendants acted "willfully" under the FLSA in this proceeding, however, because "the FLSA's limitations period, like most such statutory provisions, creates an affirmative defense that is forfeited if not raised in a defendant's answer or an amendment thereto." *Gunawan*, 897 F. Supp. 2d at 87 (collecting cases). In light of defendants' default, the statute of limitations defense is waived for purposes of this default judgment ruling only. I note that if the defendants seek and obtain relief from the default judgment, they may plead that the damages awarded in this judgment predicated on wage payments outside the statute of limitations were barred by the statute of limitations. *See* Fed. R. Civ. P. 60(b)(6).

[3] At all relevant times, the federal minimum wage was $7.25 per hour, 29 U.S.C. § 206(a)(1), while the state minimum wage was $10.10 per hour, Conn. Gen. Stat. § 31-58(i)(1).

damages of $40,975 (comprising $11,200 in unpaid wages and $29,775 in overtime wages), Doc. #14-8.

### *Liquidated damages*

Plaintiffs also seek recovery of liquidated damages under the FLSA and CMWA for their minimum wage and overtime claims. Under the FLSA, successful plaintiffs may collect "the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Plaintiffs do not seek liquidated damages under both statutes, *cf. Andrade*, 2012 WL 3059616, at *5–*6 (collecting cases and determining that plaintiff cannot simultaneously be awarded liquidated damages under the FLSA and CMWA), and because "plaintiffs can collect a higher sum under the CMWA . . . I award damages under that provision." *Andrade*, 2012 WL 3059616, at *6.

The CMWA awards illegally undercompensated workers "twice the full amount of [withheld] wages," unless the employer establishes that it "had a good faith belief that the underpayment of such wages was in compliance with the law." Conn. Gen. Stat. § 31-72. Under both statutes, "[d]ouble damages are the norm, single damages the exception ...." *Reich*, 121 F.3d at 71 (2d Cir. 1997) (cleaned up), and defendants' default means they necessarily cannot establish a good faith belief that underpayment was in compliance with the law.

Accordingly, I will award Idrovo an additional $43,711.50 and Becerra an additional $40,975 for liquidated damages under the CMWA.

### *Attorneys' fees*

The FLSA and CMWA each provide for the award of attorneys' fees and costs to prevailing plaintiffs. *See* 29 U.S.C. § 216(b); Conn. Gen. Stat. § 31-72. In calculating attorneys' fees, the Court must first determine a presumptively reasonable fee, based on a "lodestar"

6

calculation of a reasonable hourly rate and the number of reasonably expended hours. *See, e.g.*, *Stanczyk v. City of New York*, 752 F.3d 273, 284–85 (2d Cir. 2014). "The most important factor in determining a reasonable fee for a prevailing plaintiff is the degree of success obtained." *Watrous v. Borner*, 995 F. Supp. 2d 84, 89 (D. Conn. 2014); *see also U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 415 (2d Cir. 1989) (listing multiple factors to be considered).

In determining a reasonable hourly rate, a court is to consider "what a reasonable, paying client would be willing to pay," assuming the client wishes "to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Ass'n v. Cnty. of Albany*, 493 F.3d 110, 112, 118 (2d Cir. 2007). Plaintiffs' calculation of attorneys' fees is based on a rate of $300 per hour for attorney Claire Howard, $450 per hour for attorney William Madsen, and $150 per hour for paralegals Patt Tharpe and Maritza Munoz-Torres. I find these fees reasonable in light of the market, noting that other courts in this District have approved similar rates for FLSA cases. *See Tapia*, 96 F. Supp. 3d at *6-*7. As for the hours billed, I have reviewed the time sheets provided, Doc. #14-2, and the entries therein appear to be reasonable and non-duplicative. Likewise, I award the plaintiffs their reasonable costs, namely the cost of filing this suit, the cost of serving the complaint, and Fedex delivery expenses. Doc. #14 at 7. Accordingly, I award plaintiffs $9,282.14 in attorneys' fees and $597.14 in costs.

## CONCLUSION

For the foregoing reasons, the Court GRANTS in full Gladys Idrovo's and Pilar Becerra's motion for default judgment against defendants Elegant Nail Salon & Spa, LLC and I Yong Chung. The Clerk of Court is directed to enter judgment in favor of plaintiffs in the following amounts:

1. Plaintiff Gladys Idrovo is awarded $87,423 (consisting of $18,108 in unpaid wages and $25,603.50 in overtime wages, plus liquidated damages of $18,108 and $25,603.50, respectively);

2. Plaintiff Pilar Becerra is awarded $81,950 (consisting of $11,200 in unpaid wages, $29,775 in overtime wages, and liquidated damages of $11,200 and $29,775, respectively);

3. Plaintiffs are further awarded attorneys' fees of $9,282.14 and costs of $597.14.

The Clerk of Court shall close this case. It is so ordered.

Dated at New Haven, Connecticut this 10th day of January 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge